UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DANIEL SPARROW,
          Plaintiff,
v.

Roosevelt Park Police Chief DAVE BOONE,
in his individual and official capacity,
Roosevelt Park Police Officer, ROB SYPIEN,
in his individual and official capacity, and the
CITY OF ROOSEVELT PARK, Defendants.
_____/

Case No: 1:18-cv-1068
Honorable:
Magistrate:

Nicholas H. Klaus (P81076)
Klaus Law P.L.L.C.
520 South Union Street
Traverse City, MI  49684
313-757-2052
nicholas@klauslawpllc.com
*Attorney for Plaintiff*

_____/

### COMPLAINT AND DEMAND FOR JURY TRIAL

Now comes Plaintiff DANIEL SPARROW, by and through his attorneys, Klaus Law, P.L.L.C. and, for his Complaint, alleges the following:

### PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff DANIEL SPARROW (hereafter "SPARROW") seeks relief for injuries stemming from Defendants' violations of his rights, privileges and immunities secured by the Civil Rights Act of

1

1871, 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendments to the United States Constitution and laws of the State of Michigan.

2. In retaliation for Plaintiff SPARROW's First Amendment protected speech, Defendants herein conspired to violate SPARROW's Constitutional rights and deliberately caused Plaintiff to be unconstitutionally arrested and prosecuted for violation of the CITY of Roosevelt Park ordinance Sec. 20-192. - Language or gestures causing public disorder.

3. Defendants, CITY OF ROOSEVELT PARK, by and through the City of Roosevelt Police Department, a municipal corporation (hereafter "CITY"); City of Roosevelt Police Department Chief DAVE BOONE (Hereafter "CHIEF"), acting individually and in his official/supervisory capacity, and City of Roosevelt Park Police Department Officer ROB SYPIEN (hereafter "SYPIEN"), acting in his individual and/or offical capacities, jointly and severally, did violate the rights of DANIEL SPARROW to be free from, First Amendment retaliation, false arrest, malicious prosecution, and unreasonable seizure, that did cause severe emotional distress and injury, all in violation of rights secured by the First, Fourth, and Fourteenth Amendments to the United States Constitution.

4. Plaintiff seeks compensatory and punitive damages, declaratory relief, an award of attorneys' fees and costs, and any such additional relief as the Court deems proper.

## JURISDICTION

5. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(3) and (4), as this action seeks redress for the violation of Plaintiff's federal constitutional and civil rights.

6. Plaintiff's claims for declaratory relief are authorized by 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

7. Plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over any and all state law claims that are so related to the claims within the original jurisdiction of this Court that they form part of the same case or controversy.

## VENUE

8. Venue is proper in the United States District Court for the Western District of Michigan, pursuant to 28 U.S.C. § 1391(b)(2), in that the events giving rise to the Plaintiff's claim occurred in this judicial district.

## JURY DEMAND

9. Plaintiff demands a trial by jury in this action on each and every one of his claims.

## PARTIES

10. Plaintiff SPARROW is a citizen of the United States and, at all times relevant herein, was a resident of the City of Roosevelt Park, County of Muskegon, State of Michigan.

11. Defendant CITY OF ROOSEVELT PARK Police Department Chief DAVE BOONE was at all times relevant to the facts herein, the Chief of Police for the City of Roosevelt Park, and a citizen of the City of Roosevelt Park, Muskegon County, Michigan, and a policymaker with regard to the customs, policies and practices of the CITY, in particular he controls and determines the hiring, training and discipline of the individual defendant law enforcement officers herein. Further, he supervises, trains and disciplines the Defendant officer SYPIEN. As such, at all times relevant hereto, Defendant BOONE was acting in his official capacity as a policymaker for Defendant CITY.

12. Defendant ROB SYPIEN was at all times relevant to the facts herein, a full-time City of Roosevelt Park Police Officer, an agent and employee of the Defendants, and a citizen of the City of Roosevelt Park, County of Muskegon, State of Michigan.

13. Defendant CITY OF ROOSEVELT PARK (hereafter "CITY") is a Municipal Corporation authorized by the laws of the State of Michigan to operate the City of Roosevelt Park Police Department law enforcement agency, which is an integral part of the CITY, and as such, among other duties and responsibilities,

operates, deploys, controls, and supervises the City of Roosevelt Police Department Officers, including Defendant SYPIEN.

14. At all times relevant herein, each of the individual Defendants were employees and agents of Defendant CITY, acting under color of law, within the scope of their employment and authority, and pursuant to the CITY'S customs, policies, and/or practices, which were the moving force behind the constitutional violations asserted herein.

15. At all times relevant herein, the individual Defendants violated rights clearly established under the Constitution of the United States, in particular under the First, Fourth, and Fourteenth Amendments, of which reasonable law enforcement officers and/or public official under these respective circumstances would have known.

## FACTS

16. Plaintiff DANIEL SPARROW is a married manufacturing equipment operator and manager, entrepreneur, and father of five children, and at all times relevant, a resident homeowner of the CITY OF ROOSEVELT PARK.

17. The CITY OF ROOSEVELT PARK is a public municipal corporation in Muskegon County, Michigan.

18. The Sparrows have been homeowners and residents at 1315 West Summit Ave, in the CITY OF ROOSEVELT PARK, since 2005.

19. Beginning in 2013, the SPARROWs began having trouble with the tenants of the neighboring home at 1307 West Summit, then owned by Brad Remke.

20. In June of 2016, Nationstar Mortgage took possession of the home, and through their agents, rented the home at 1307 West Summit to Kristy Grevel in 2015

21. As soon as the Grevels took tenancy 1307 West Summit, the SPARROW's began having problems regarding the dereliction of maintenance of the Nationstar property and the conduct of their tenants.

22. Because of this the Roosevelt Park Police Department has responded to various calls at the houses.

23. Indeed, through the course of years beginning in 2013, the SPARROW's and their property at the Summit Avenue home had been victimized by robbery, forced entry, vandalism, assaults, eavesdropping and surveillance, repeated harassment, false police reports and accusations, and nuisance, by the various tenants at 1307 West Summit.

24. As a result of the repeated problems with the neighbors and the ensuing police involvement, the Sparrow's fitted the doors and windows of their home with motion-sensor surveillance cameras.

25. On the evening of September 21, 2017, Plaintiff DANIEL SPARROW and his wife Connie were enjoying the evening while sitting and chatting in their on their stoop near the detached garage.

6

26. Sometime that evening, Plaintiff made a noise complaint to the CITY regarding a barking dog at the home across the street.

27. Thereafter, Defendant SYPIEN investigated the matter, and found that the dog's owners were not home.

28. Before pulling away from the neighborhood, SYPIEN was waved-down by the Sparrows' other neighbor, Kristy Grevel.

29. Grevel told Defendant SYPIEN that the Sparrows were yelling at her.

30. However, surveillance camera footage captured the entire evening, and shows Grevel's accusations as false; that the Sparrow's did not direct any comments toward their neighbor or otherwise address, yell, or interact with her in any way.

31. Instead, the Sparrows' camera footage clearly shows that they were having a conversation with each other, in a normal tone and voice, regarding the barking dog across the street.

32. Nevertheless, as a result of Ms. Grevel's false accusation, SYPIEN pulled into the Plaintiff's driveway, and told the Plaintiff to "lower his voice" or go in the house.

33. Plaintiff informed the Defendant officer that he was speaking in a volume necessary for the officer to hear him, in light of the distance between the two of them.

34. The Defendant officer then told the Plaintiff that if he "does it one more time" that he would "go to jail."

35. At no time up to the threat of arrest or jail did Plaintiff ever yell, and even if he had raised his voice, such conduct, is a clearly established right protected by the First Amendment of the U.S. Constitution.

36. In response to Defendant SYPIEN's threat of arrest and incarceration, Plaintiff declared that the officer's trespass onto SPARROW's property, and the hostile treatment, was "shit."

37. A colloquy then ensued, wherein SYPIEN informed the Plaintiff that he had been warned that if he "swore" in public and engaged in his First Amendment protected expression that he would be arrested.

38. However, no part of the instant exchange ever occurred on public property, and at no point in the colloquy, or at any other point, did the Plaintiff ever use fighting words.

39. Nevertheless, because of his training by the Defendant CITY, Defendant SYPIEN, in accordance with the policies, procedures, practices, and/or customs of the Defendants CITY and Chief BOONE, handcuffed and arrested Plaintiff for disorderly conduct; Roosevelt Park City Code § 20-192 -- *Language or gestures causing public disorder*, and thereafter issued a citation.

40. On November 9, 2017, Plaintiff was thereafter arraigned in the 60th District Court of Michigan and prosecuted by the CITY OF ROOSEVELT PARK, for violation of the ordinance.

41. At the arraignment and pretrial on the matter, CITY attorney Matt Mills stated to Plaintiff's retained defense counsel that the Defendant CITY would not entertain a plea, or otherwise drop the charges because, "we've had problems with the [Plaintiff]" in the past.

42. Thus, the CITY maintained a policy, practice, and/or custom, of singling-out the Plaintiff from similarly situated Roosevelt Park residents engaged in First Amendment protected expression.

43. On January 5, 2018, Defense counsel for Plaintiff filed a motion to dismiss the disorderly conduct charge because the ordinance was, on it's face and as applied, in violation of Plaintiff DANIEL SPARROW's First Amendment right to free speech.

44. Rather than litigate the issue, on January 10, 2018, CITY attorney Matt Mills stipulated to a dismissal of the misdemeanor complaint by *nolle prosequi*, and that day the Honorable Chief Judge Raymond J. Kostrzewa for the 60th District Court of Michigan, signed the order dismissing the case.

45. As a direct and proximate result of the foregoing actions, Plaintiff SPARROW has suffered the following injuries, among others:

a. Seizure and loss of liberty;

b. Physical injury, resulting in pain and suffering and mental and physical deterioration, past and future;

c. Psychological and emotional injury, past and future;

d. Degradation, humiliation, mental anguish, suffering and embarrassment;

e. The costs of defense of his criminal action and other expenses associated therewith;

f. Loss of, and damage to, his reputation;

g. Deprivation and violation of his expectation of his privacy with regard to the invasion of his premises without consent or probable cause; and

h. Deprivation and violation of his expectation of privacy with regard to the continuing surveillance of his home and person without consent or probable cause.

i. Loss of consortium and the familial relationship of his wife; and

j. Lost wages and income.

## CLAIMS

### COUNT I:
### 42 U.S.C. § 1983
### FIRST AMENDMENT RETALIATION
### (DEFENDANTS CITY, BOONE, and SYPIEN)

46. Plaintiff hereby re-alleges and incorporates by reference all of the paragraphs above as if fully set forth herein word for word.

47. Defendants CITY, BOONE, SYPIEN, by arresting and prosecuting plaintiff, and in light of the facts alleged above, have chilled Plaintiff's speech, and freedom of movement, in violation of his rights under the First Amendment.

48. As a direct and proximate result of the foregoing actions, SPARROW has suffered the following injuries, among others:

   a. Seizure and loss of liberty;

   b. Physical injury, resulting in pain and suffering and mental and physical deterioration, past and future;

   c. Psychological and emotional injury, past and future;

   d. Degradation, humiliation, mental anguish, suffering and embarrassment;

   e. The costs of defense of his criminal action and other expenses associated therewith;

   f. Loss of, and damage to, his reputation;

   g. Deprivation and violation of his expectation of his privacy with regard to the invasion of his premises without consent or probable cause; and

   h. Deprivation and violation of his expectation of privacy with regard to the continuing surveillance of his home and person without consent or probable cause.

   i. Loss of consortium and the familial relationship of his wife; and

   j. Lost wages and income.

## CLAIMS

## COUNT II:
## 42 U.S.C. § 1983
## FOURTH AMENDMENT – FALSE ARREST

49. Plaintiff hereby re-allege and incorporate by reference Paragraphs 1-48 above as if fully set forth herein word for word.

50. As described above, Defendants violated Plaintiff DANIEL SPARROW's right to be free from arrest without probable cause, said right being secured by the Fourth Amendment of the United States Constitution.

51. As a direct and proximate result of the foregoing actions, Plaintiff DANIEL SPARROW has suffered the following injuries, among others:

   a. Seizure and loss of liberty;

   b. Physical injury, resulting in pain and suffering and mental and physical deterioration, past and future;

   c. Psychological and emotional injury, past and future;

   d. Degradation, humiliation, mental anguish, suffering and embarrassment;

   e. The costs of defense of his criminal action and other expenses associated therewith;

   f. Loss of, and damage to, his reputation;

   g. Deprivation and violation of his expectation of his privacy with regard to the invasion of his premises without consent or probable cause; and

   h. Deprivation and violation of his expectation of privacy with regard to the continuing surveillance of his home and person without consent or probable cause.

   i. Loss of consortium and the familial relationship of his wife; and

   j. Lost wages and income.

## COUNT III:

## 42 U.S.C. § 1983
## FOURTEENTH AMENDMENT EQUAL PROTECTION AS APPLIED
### ("Class of One")
### (DEFENDANTS CITY, BOONE, and SYPIEN)

52. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1-51 above as if fully set forth herein word for word.

53. Defendants have violated Plaintiff's Fourteenth Amendment Right to Equal Protection, as a class of one, insofar as Defendants have continually harassed, assaulted and defamed Plaintiff, and falsely arrested and maliciously prosecuted Plaintiff for his First Amendment protected expression, and have thereby chilled his freedom of speech.

54. Plaintiff is in a class of one where other similarly situated residents engaging in First Amendment protected expression have not been harassed, arrested, or prosecuted by Defendants, and thus have not been subjected to the same unconstitutional policy, practice, and/or custom of the CITY.

55. As a direct and proximate result of the foregoing actions, SPARROW has suffered the following injuries, among others:

   a. Seizure and loss of liberty;

   b. Physical injury, resulting in pain and suffering and mental and physical deterioration, past and future;

   c. Psychological and emotional injury, past and future;

   d. Degradation, humiliation, mental anguish, suffering and embarrassment;

13

e. The costs of defense of his criminal action and other expenses associated therewith;

f. Loss of, and damage to, his reputation;

g. Deprivation and violation of his expectation of his privacy with regard to the invasion of his premises without consent or probable cause; and

h. Deprivation and violation of his expectation of privacy with regard to the continuing surveillance of his home and person without consent or probable cause.

i. Loss of consortium and the familial relationship of his wife; and

j. Lost wages and income.

## COUNT IV:
## 42 U.S.C. § 1983
## FOURTH AMENDMENT – MALICIOUS PROSECUTION
## (DEFENDANTS CITY, BOONE, and SYPIEN)

56. Plaintiffs hereby re-allege and incorporate by reference Paragraphs 1-55 above as if fully set forth herein word for word.

57. As described above, the individually named defendants violated Plaintiff DANIEL SPARROW's right to be free from criminal prosecution without probable cause, said right being secured by the Fourth Amendment of the United States Constitution.

58. The individually named Defendants, through the use of falsehood, concealment and cover-up, and acting pursuant to the customs policies and/or practices of Defendant CITY OF ROOSEVELT PARK, initiated and pursued the aforementioned criminal prosecution of Plaintiff DANIEL SPARROW without

probable cause.

59. As a consequence of the criminal prosecution initiated by the named Defendants, Plaintiff DANIEL SPARROW suffered an unreasonable and unconstitutional seizure and deprivation of liberty and damages for confinement and his criminal defense.

60. The aforementioned criminal proceedings were resolved in Plaintiff's favor and were dismissed.

61. As a direct and proximate result of the foregoing actions, Plaintiff DANIEL SPARROW has suffered the following injuries, among others:

   a. Seizure and loss of liberty;

   b. Physical injury, resulting in pain and suffering and mental and physical deterioration, past and future;

   c. Psychological and emotional injury, past and future;

   d. Degradation, humiliation, mental anguish, suffering and embarrassment;

   e. The costs of defense of his criminal action and other expenses associated therewith;

   f. Loss of, and damage to, his reputation;

   g. Deprivation and violation of his expectation of his privacy with regard to the invasion of his premises or property without consent or probable cause; and

   h. Deprivation and violation of his expectation of privacy with regard to the continuing surveillance of his home and person without consent or probable cause.

   i. Loss of consortium and the familial relationship of his wife; and

15

j. Lost wages and income.

## COUNT V:
## 42 U.S.C. § 1983
## FOURTH AMENDMENT – UNREASONABLE SEIZURE
## (DEFENDANTS CITY, BOONE, and SYPIEN)

62. Plaintiffs hereby re-allege and incorporate by reference Paragraphs 1 – 61 above as if fully set forth herein word for word.

63. Defendants violated Plaintiff's right to be free from unreasonable seizure without probable cause, a right secured by the Fourth Amendment to the United States Constitution.

64. As a direct and proximate result of the foregoing actions, Plaintiff DANIEL SPARROW has suffered the following injuries, among others:

  a. Seizure and loss of liberty;
  b. Physical injury, resulting in pain and suffering and mental and physical deterioration, past and future;
  c. Psychological and emotional injury, past and future;
  d. Degradation, humiliation, mental anguish, suffering and embarrassment;
  e. The costs of defense of his criminal action and other expenses associated therewith;
  f. Loss of, and damage to, his reputation;
  g. Deprivation and violation of his expectation of his privacy with regard to the invasion of his premises without consent or probable cause;
  h. Deprivation and violation of his expectation of privacy with regard to the continuing surveillance of his home and person without consent or

      probable cause;

  i. Loss of consortium and the familial relationship of his wife; and

  j. Lost wages and income.

### COUNT VI:
### 42 U.S.C. § 1983
### MONELL CLAIM
### (CITY DEFENDANT)

65. Plaintiff hereby re-alleges and incorporates by reference Paragraphs 1-64 above as if fully set forth herein word for word.

66. At all times herein, Defendant CITY through its Police Department, supervisors and/or policymakers, established and/or maintained the following customs, usages, policies and/or practices:

  a. Failure to train, supervise, and/or discipline law enforcement officers, including but not limited to the individually named Defendant officers and/or deputies herein, with regard to the fabrication and/or falsification of evidence during the course of an investigation and the documentation of that evidence while at all times knowing that this lack of training, supervision and discipline would likely result in unreasonable and unlawful arrests and criminal prosecutions;

  b. Failure to train, supervise, and/or discipline law enforcement officers, including but not limited to the individually named Defendant officers and/or deputies herein, with regard to the proper and reasonable use of seizure of the person; and those circumstances under which it was unreasonable to do so, while at all times knowing that this lack of training, supervision and discipline would likely result in the use of unreasonable seizures;

  c. Failure to train, supervise, and/or discipline law enforcement officers, including but not limited to the individually named Defendant officers

and/or deputies herein, with regard to the lawful and reasonable entry onto the premises of a private citizen without a warrant, probable cause and/or consent, while at all times knowing that this lack of training, supervision and/or discipline would likely result in the search and seizure of premises when it was clearly unreasonable and impermissible to do so;

d. Failure to train, supervise, and/or discipline law enforcement officers, including but not limited to the individually named Defendant officers and/or deputies herein, with regard to First Amendment protected conduct and expression, while at all times knowing that this lack of training, supervision, and/or discipline would likely result in the unconstitutional and/or false arrest, and/or malicious prosecution of residents;

e. Condoning, approving and acquiescing in known unconstitutional conduct, and known patterns of unconstitutional conduct, undertaking by its officers and supervisors either as applied to Plaintiff or generally.

67. Each of the aforementioned policies and/or practices, i.e., the failures to train, supervise, and/or discipline the individually named Defendants, was known to Defendant CITY, as being highly likely and probable to cause violations of the Constitutional rights of members of the public, and/or as applied to Plaintiff herein.

68. The conduct of the individually named Defendants herein was committed pursuant to the customs, policies and/or practices of Defendant CITY.

69. Each such custom, policy and/or practice, referenced above, was a moving force in the violations of Plaintiff's constitutional rights, as set forth herein.

70. As a direct and proximate result of the foregoing actions, Plaintiff DANIEL SPARROW has suffered the following injuries, among others:

a. Seizure and loss of liberty;

b. Physical injury, resulting in pain and suffering and mental and physical deterioration, past and future;

c. Psychological and emotional injury, past and future;

d. Degradation, humiliation, mental anguish, suffering and embarrassment;

e. The costs of defense of his criminal action and other expenses associated therewith;

f. Loss of, and damage to, his reputation;

g. Deprivation and violation of his expectation of his privacy with regard to the invasion of his premises without consent or probable cause;

h. Deprivation and violation of his expectation of privacy with regard to the continuing surveillance of his home and person without consent or probable cause; and

i. Loss of consortium and the familial relationship of his wife;

j. Lost wages and income.

## RELIEF

**WHEREFORE**, Plaintiffs demand the following relief jointly and severally against all Defendants:

a) A declaration that Defendants violated the federal constitutional rights of Plaintiff;

b) Compensatory damages for the aforementioned physical, emotional, and economic injuries suffered by Plaintiffs by reason of Defendants' unlawful and unjustified conduct, in an amount fair, just and reasonable and in conformity with the evidence;

c) Punitive and exemplary damages against the individual Defendants to the extent allowable by law;

d) Attorneys fees, as allowed, pursuant to 42 U.S.C. §1988;

    e) The costs and disbursements of this action; and

    f) Such other and further relief as appears just and proper.

Respectfully submitted,

**KLAUS LAW P.L.L.C.**

*By: /s/ Nicholas Klaus*
Nicholas Klaus (P81076)
520 South Union Street
Traverse City, MI 49685
(313) 757-2052
Nicholas@klauslawpllc.com

Dated: September 12, 2018